Russell S. Thompson, IV (Cal. Bar No. 325944)
Thompson Consumer Law Group, PC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Frank Contreras, | ) Case No. 2:19-cv-6969 |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY** |
| | ) **JURY DEMAND** |
| vs. | ) |
| | ) |
| Portfolio Recovery Associates, LLC, | ) |
| | ) |
| Defendant. | ) |

**NATURE OF ACTION**

1.     Plaintiff Frank Contreras ("Plaintiff") brings this action against Defendant Portfolio Recovery Associates, LLC ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq*., and California's unfair competition laws ("UCL"), California Business & Professions Code § 17200, *et seq.*

## JURISDICTION, STANDING, AND VENUE

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1367, and 28 U.S.C. § 1331.

3.      Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendant that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA.  *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

5.      Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

6.      To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

7.      Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers.  *Clark*, 460 F.3d at 1176.

8.      "In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress 'clearly intended that private enforcement actions would be the primary enforcement tool of the Act.'"  *Id.* (quoting *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982)).

9.      Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors."  *Gonzales v. Arrow Fin.*

*Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).

10.   "An FDCPA Plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1117-18 (9th Cir. 2014) (emphasis in original).

11.   "[B]ecause the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors—repeat players likely to be acquainted with the legal standards governing their industry—to bear the brunt of the risk." *Clark*, 460 F.3d at 1171-72; *see also FTC v. Colgate–Palmolive Co.,* 380 U.S. 374, 393 (1965) ("[I]t does not seem unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.") (internal quotations omitted).

**THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

12.   "California has adopted a state version of the FDCPA, called the Rosenthal Act." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012).

13.   Like the FDCPA, the purpose of the RFDCPA  is to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of

consumer debts and to require debtors to act fairly in entering into and honoring such

debts, as specified in this title."  Cal. Civ. Code § 1788.1(b).

14.    "The Rosenthal Act mimics or incorporates by reference the FDCPA's

requirements . . . and makes available the FDCPA's remedies for violations." *Riggs*,

681 F.3d at 1100.

15.     "[A] plaintiff who recovers under the FDCPA is entitled to damages

under the corresponding section of the RFDCPA." *Costa v. Nat'l Action Fin. Servs.*,

634 F. Supp. 2d 1069, 1077 (E.D. Cal. 2007).

## THE UNFAIR COMPETITION LAW

16.    The Unfair Competition Law ("UCL") prohibits persons from engaging

in unfair competition.

17.    Unfair competition includes "any unlawful, unfair, or fraudulent

business act or practice." Cal. Bus. & Prof. Code § 17200.

18.     "The UCL is broad in scope, embracing anything that can properly be

called a business practice and that at the same time is forbidden by law." *Magdaleno*

*v. Indymac Bancorp, Inc.,* 853 F.Supp. 2d 983, 996 (E.D. Cal. 2011) (citing *People*

*ex rel. Gallegos v. Pacific Lumber Co.*, 158 Cal.App.4th 950, 959, 70 Cal.Rptr.3d

501 (2008) (internal citations omitted).

19.    Section 17200 "'borrows violations of other laws and treats" them as unlawful business practices "independently actionable under section 17200." *Magdaleno,* 853 F.Supp. 2d at 996 (internal citations omitted).

20.    "[Section 17200's] coverage has been described as 'sweeping...'" *In re First Alliance Mortg. Co.*, 471 F.3d 977, 996 (9th Cir. 2006) (citing *Cel–Tech Communs., Inc. v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 83 Cal.Rptr.2d 548, 560, 973 P.2d 527 (1999)).

## PARTIES

21.    Plaintiff is a natural person who at all relevant times resided in the State of California, County of Los Angeles, and City of Whittier.

22.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

23.    Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

24.    Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d).

25.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

26.    Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

27.    Defendant is a "person" as defined by Cal. Bus. & Prof. Code § 17201.

# FACTUAL ALLEGATIONS

28.     Plaintiff is a natural person allegedly obligated to pay a debt.

29.     Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a credit account with Capital One Bank, N.A. (the "Debt").

30.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

31.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

32.     In connection with the collection of the Debt, Defendant sent Plaintiff a letter dated October 23, 2018.

33.     A true and accurate copy of Defendant's October 23, 2018 letter is attached to this complaint as Exhibit A.

34.     Defendant's October 23, 2018 letter lists the current balance of the Debt as $3,475.62.  Exhibit A.

35.     Defendant's October 23, 2018 letter states that it "works with people to…resolve their debt. We would love to do the same for **YOU**." *Id*. (emphasis in original).

36.    In Defendant's October 23, 2018 letter, Defendant presents Plaintiff with "offers" to resolve the Debt. *Id*.

37.    Plaintiff can access these offers by calling an account representative or by signing into their account at www.PRApay.com. *Id*.

38.    Defendant's October 23, 2018 letter warns that it is "**not obligated to renew this offer**." *Id*. (emphasis in original).

39.    It also warns that the "**first payment must be received by: 11/30/2018**." *Id*. (emphasis in original).

40.    The language used in Defendant's October 23, 2018 letter gave, or would give, the least sophisticated consumer the misleading impression that the Debt was legally enforceable. *Id*.

41.    For example, Defendant's October 23, 2018 letter (1) makes "offers" to "resolve" the Debt; (2) states that Defendant "works with people" by creating "flexible payment arrangements" that will result in "savings"; (3) provides a deadline by which "payment must be received"; and (4) warns that it is "not obligated to renew these offers." *Id.*

42.    Defendant's October 23, 2018 letter also states: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it" (hereinafter "the Disclosure"). *Id*.

43.     Defendant does not state in the Disclosure, or within its October 23, 2018 letter at all, that collection of the Debt is no longer enforceable by judicial means.

44.     The state of California sets a four year statute of limitation for initiating an action to collect money owed in connection with the account. *See* Cal. Civ. Pro. § 337.

45.     By only generally explaining that "the law limits how long you can be sued on a debt" and that "because of the age of the debt," Defendant "will not sue you for it," instead of "cannot" sue you for it, Defendant's October 23, 2018 letter "could lead the least sophisticated consumer to believe that Defendant had simply chosen not to sue—not that they were barred from doing so." *Gunther v. Midland Credit Management, Inc. et al.*, No. 2:17-CV-704, 2018 WL 4621764 at *8 (D. Utah Sept. 26, 2018).

46.     In addition, the least sophisticated consumer has no way of knowing whether Defendant will re-sell the Debt to someone else, who might sue him.

47.     Therefore, even if Plaintiff, or the least sophisticated consumer, read and understood the Disclosure, Defendant's October 23, 2018 letter could have caused him, or the least sophisticated consumer, to make payment under the false belief that paying the Debt before it was sold to another creditor, who would or might bring a lawsuit, was in his financial best interest.

48.     Furthermore, upon information and belief, Defendant actually collects more money from consumers when it includes legal disclosures, like the Disclosure, that mention litigation.

49.     Upon information and belief, this is because the mere mention of litigation causes unsophisticated consumers, who are not equipped to comprehend the Disclosure, to worry about legal action and therefore make payment.

50.     Further, by stating "[w]e are not obligated to renew this offer" Defendant's October 23, 2018 letter was false, misleading, or deceptive, because the least sophisticated consumer could read the Defendant's October 23, 2018 letter as suggesting there could be financial consequences to not paying the Debt, when in fact, the Debt was unenforceable.

51.     Defendant's conduct is unfair and unconscionable, and is part of a debt collection practice designed to create a false sense of fear and urgency in the consumer in order to make payment on time barred debts.

52.     By making settlement offers without disclosing that a partial payment would revive the statute of limitations period for the entirety of the debt, Defendant's actions were unconscionable.

53.     Plaintiff sent Defendant a hand-written dispute letter dated January 9, 2019.

54.     A true and accurate copy of Plaintiff's January 9, 2019 dispute letter is attached as Exhibit B.

55.     In Plaintiff's January 9, 2019 dispute letter, Plaintiff claims no knowledge of this credit transaction. Exhibit B.

56.     In response to Plaintiff's January 9, 2019 letter, Defendant sent another letter to Plaintiff, dated January 16, 2019.

57.     A true and accurate copy of Defendant's January 16, 2019 letter is attached as Exhibit C.

58.     Defendant's January 16, 2019 letter lists the balance as $0.00.

59.     Defendant's January 16, 2019 letter informs Plaintiff that it ended its investigation of his dispute and will be closing his account.

60.     Upon information and belief, Defendant sends initial correspondence like its October 23, 2018 letter to consumers without actually knowing whether the consumers owe any debts.

61.     Upon information and belief, Defendant possessed no knowledge of whether Plaintiff actually owed the Debt when it sent Defendant's October 23, 2018 letter to him.

62.     Upon information and belief, Defendant sent its October 23, 2018 letter to Plaintiff in order to put the onus on Plaintiff to dispute the debt.

63.     Upon information and belief, Defendant expected Plaintiff to disregard Defendant's October 23, 2018 letter and fail to send a timely, written dispute.

64.     After Plaintiff sent the January 9, 2019 letter, Defendant gave up attempting to collect the Debt. Exhibit C.

65.     Upon information and belief, Defendant oppressed Plaintiff by making him dispute the Debt which Defendant never properly investigated in the first place before sending out its October 23, 2018 letter. *See* 15 U.S.C. § 1692d.

## CLASS ACTION ALLEGATIONS

66.     Plaintiff repeats and re-alleges all factual allegations above.

67.     Defendant's October 23, 2018 letter is based on a form or template used to send collection letters (the "Template").

68.     Defendant's sending of the Template to consumers without properly investigating whether the consumers actually owe the debts is conduct the natural consequence of which is to harass, oppress, or abuse persons in connection with the collection of a debt.

69.     The Template uses deceptive and misleading language to create a false sense of urgency, in stating that "[w]e are not obligated to renew this offer" without informing consumers that they cannot be sued if their debt is time-barred.

70.     Defendant has used the Template to send collection letters to over 40 individuals in the State of California within the year prior to the filing of the original complaint in this matter.

71.     Plaintiff brings this action on behalf of himself and all others similarly situated.  Specifically, Plaintiff seeks to represent the following class of individuals:

> All persons with a California address, to whom Defendant sent a letter based upon the Template, within one year before the date of this complaint, in connection with the collection of a debt alleged to be owed to Defendant.

72.     The class is averred to be so numerous that joinder of members is impracticable.

73.     The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

74.     The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendants.

75.     There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendants' identical conduct particular to the matters at issue; (b) Defendants' violations of the FDCPA; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

76.     Plaintiff's claims are typical of those of the class he seeks to represent.

77.     The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendants. Thus, if brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

78.     Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

79.     Plaintiff will fairly and adequately protect the interests of the class and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the class.

80.     Plaintiff is willing and prepared to serve this Court and the proposed class.

81.     The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

82.     Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

83.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class

would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

84.     The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the classes. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

85.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendants have acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

86.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

87.     Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result,

very little litigation has commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d

88.     Plaintiff repeats and re-alleges each factual allegation contained above.

89.     "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. § 1692d.

90.     "Violations of § 1692d involve 'tactics intended to embarrass, upset, or frighten a debtor.'"  *Hoover v. Monarch Recovery Mgt., Inc.*, 888 F. Supp. 2d 589, 596 (E.D. Pa. 2012) (quoting *Donatelli v. Warmbrodt,* 2011 WL 2580442, at *9 (W.D.Pa. June 28, 2011)).

91.     Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, in connection with the collection of an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil

Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692d with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff and the class he seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class he seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e

92.    Plaintiff repeats and re-alleges each factual allegation above.

93.   The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts.  *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc*., 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

94.   Defendant violated 15 U.S.C. § 1692e by sending its October 23, 2018 letter which may mislead the least sophisticated consumer into reasonably believing that the Debt is enforceable.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

   b) Adjudging that Defendant violated 15 U.S.C. § 1692d with respect to Plaintiff and the class he seeks to represent;

   c) Awarding Plaintiff and the class he seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class he seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)

71.    Plaintiff repeats and re-alleges each factual allegation above.

72.    Congress, recognizing that it would be impossible to foresee every type of deceptive collection misbehavior, expressly included in the FDCPA a catchall provision, prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

73.    The FDCPA is intended to be "comprehensive, in order to limit the opportunities for debt collectors to evade the under-lying legislative intention," and therefore the same conduct may violate multiple sections of the Act. *Clark v. Capital*

*Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1178 (9th Cir. 2006) (citing FTC Official Staff Commentary on FDCPA, 53 Fed. Reg. 50097, 50101).

74.    "[I]t is well established that '[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.'"  *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011) (quoting *Brown v. Card Serv. Ctr.,* 464 F.3d 450, 455 (3d Cir. 2006), and citing *Russell v. Equifax A.R.S.,* 74 F.3d 30, 34–35 (2d Cir. 1996)).

75.    Therefore, Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of a debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692d with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff and the class he seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class he seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692f

76.     Plaintiff repeats and re-alleges each factual allegation above.

77.     The FDCPA forbids the use of unfair or unconscionable means to collect, or attempt to collect, a debt.  15 U.S.C. § 1692f.

78.     In addition to the non-exhaustive list of conduct that violates the FDCPA, § 1692f "allows a court to sanction improper conduct the FDCPA fails to address specifically." *Turner v. Professional Recovery Services, Inc.*, 956 F. Supp.

2d 573, 580 (D.N.J. 2013) (quoting *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996)).

79.   Defendant violated 15 U.S.C. § 1692f by attempting to induce Plaintiff into make a partial payment toward the debt, which would have renewed the statute of limitations for the entire debt owed.

80.   In addition, or in the alternative, had Plaintiff entered into a payment plan on the debt, a new, enforceable obligation would have been created out of the unenforceable, time-barred debt.

81.   It is unfair to lure consumers such as Plaintiff into paying off time-barred debts where the statute of limitations for collection on the debt has passed.

82.   Therefore, Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b)  Adjudging that Defendant violated 15 U.S.C. § 1692d with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff and the class he seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class he seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT V
## VIOLATION OF CAL. CIV. CODE § 1788.17

83. Plaintiff repeats and re-alleges each factual allegation above.

84. A debt collector violates Cal. Civ. Code § 1788.17 by failing to comply with § § 1692b-j of the FDCPA.

85. "[A]s any violation of the Rosenthal Act is a violation of the FDCPA, Plaintiff's claims under this cause of action are insufficiently supported as well."

*Miran v. Convergent Outsourcing, Inc.*, No. 316CV00692AJBJMA, 2017 WL 1410296, at \*6 (S.D. Cal. Apr. 20, 2017).

86.    Here, the Defendant failed to comply with 15 U.S.C. § 1692e as it attempted to collect a time-barred debt from Plaintiff using false, deceptive, or misleading representations or means in connection with the collection of a debt.

87.    Defendant failed to comply with 15 U.S.C. § 1692e(2)(a) by sending its October 23, 2018 letter which falsely represented the amount of the alleged Debt.

88.    Defendant failed to comply with 15 U.S.C. § 1692e(10) by sending a letter which could be reasonably read as having two or more different meanings, one of which is inaccurate.

89.    Defendant failed to comply with 15 U.S.C. § 1692f by unfairly attempting to collect a time-barred debt.

90.    Therefore, by failing to comply with the FDCPA, Defendant violated Cal. Civ. Code § 1788.17.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated Cal. Civ. Code § 1788.17;

   b) Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30(b), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30(c);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT VI
## VIOLATION OF CAL. BUS. & PROF. CODE § 17200

91.    Plaintiff repeats and re-alleges each factual allegation above.

92.    The UCL prohibits persons from engaging in unfair competition.

93.    Unfair competition includes "any unlawful, unfair, or fraudulent business act or practice."

94.    Here, Defendant asserted that Plaintiff owes a debt without any factual support for this assertion.

95.    Upon information and belief, Defendant sent its October 23, 2018 letter without investigating whether Plaintiff actually owed the Debt.

96.    Defendant was not merely collecting on behalf of another, but instead was collecting an alleged debt that it purchased outright, meaning the onus was on Defendant to determine whether Plaintiff actually owed the Debt before asserting that he did.

97.     Therefore, Defendant violated Cal. Bus. & Prof. Code § 17200 by engaging in unfair competition, including unlawful, unfair, or fraudulent business acts or practices.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated Cal. Bus. & Prof. Code § 17200;

b)  Awarding Plaintiff actual damages;

c)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Proc. Code § 1021.5.

d)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

e)  Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

98.     Plaintiff is entitled to and hereby demands a trial by jury.


Dated: August 9, 2019

Respectfully submitted,

/s/ Russell S. Thompson, IV
Russell S. Thompson, IV (Cal. Bar No. 325944)
Thompson Consumer Law Group, PC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com

1

Attorneys for Plaintiff

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28